IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| S.S., *et al.*, | : | |
|       Petitioners, | : | |
| v. | : | CASE NO. 4:20-CV-108-CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : | |
|       Respondents. | : | |

## ORDER FOR SUPPLEMENTAL BRIEFING

Pending before the Court is Petitioners' application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and motion for preliminary injunction (ECF No. 2). Petitioners contend their confinement at Stewart Detention Center is unconstitutional due to the dangers posed by Covid-19. The Court has reviewed Petitioners' allegations, and they appear to mirror those raised by Stewart detainees in *A.S.M. v. Donahue*, No. 7:20-cv-62 (M.D. Ga. filed Apr. 7, 2020). Today, the Court denied the *A.S.M.* petitioners' motion for preliminary injunction. *A.S.M. v. Donahue*, No. 7:20-cv-62, Order at 1 (M.D. Ga. June 3, 2020), ECF No. 94. In its order denying the preliminary injunction, the Court found that (1) it lacks jurisdiction to consider petitioners' habeas claims; (2) release is not an available remedy for a conditions of confinement claim; (3) petitioners' confinement did not constitute punishment under the Fifth Amendment Due Process Clause; (4) petitioners failed to show that Stewart Detention Center officials acted with deliberate indifference, and (5) petitioners could not assert a claim pursuant to *United States ex rel.*

*Accardi v. Shaughnessy*, 347 U.S. 260 (1954).  *See generally id.*

Respondents in this case have filed a motion to dismiss (ECF No. 6).  In their response to Respondents' motion, Petitioners are ordered to explain why their claims are not controlled by *A.S.M.* and subject to dismissal.

SO ORDERED, this 3rd day of June, 2020.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE